IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDITH A. DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3146-SSA-CV-S-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Claimant Edith Dyer seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She filed her application on May 28, 2004, and claims she became disabled beginning on September 27, 1997.

The parties' briefs were fully submitted, and on April 1, 2008, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Plaintiff Dyer was born in 1952 and has a high school education. She works part-time as a babysitter, and has no other relevant work history. She reports she is unable to work because of a number of conditions which cause pain, dizziness, headaches, eye problems,

bladder and colon problems, an inability to sleep and anxiety. She indicates she is allergic to many medications.

Dyer asserts she engages in limited daily activities and has to have help watching the children for whom she babysits. She says she stays in her recliner most of the time and has trouble walking. She states some medications she has tried caused her to become confused to the point of driving the wrong way on a highway and leaving her purse and checkbook in public places. While on a different medication, she claims to have heard voices. Yet another medication put her in bed for days because it made her sick and caused pain. She also claims to have panic attacks and paranoid feelings.

Her FICA earnings report show wages for only one of the fifteen years preceding her application for benefits, and the overall record indicates she is limited to unskilled work.

The Administrative Law Judge (ALJ) found Dyer had a combination of severe impairments, including "colon problems, shoulder pain, headaches, chronic fatigue, Sojren's Syndrome, post traumatic stress disorder, anxiety, personality disorder, interstitial cystitis, scoliosis, fibromyalgia, allergies, and vertigo." (Tr. 18.)

Nevertheless, he found she had the residual functional capacity to perform light work, with a number of limitations. In addition to the physical and environmental restrictions which he set forth[2], the ALJ held she could not cope with high stress work with fast-paced activity, explicit production quotas, deadlines or schedules. Further, she could not sustain a high level of concentration requiring precision or attention to detail and she should have limited personal interaction with the public. He found she could do simple, routine or repetitive tasks. (Tr. 18.) Based on expert testimony, he stated she could perform the requirements of jobs such as a small parts assembler or office helper.

---

[2]She could lift or carry up to 10 pounds frequently and 20 pounds occasionally; stand and/or walk up to 6 hours in an 8-hour day; sit for up to 6 hours in an 8-hour day; only occasionally climb, stoop, kneel, crouch or crawl; and only occasionally be exposed to extreme cold, vibration or hazards.

3

Plaintiff challenges the decision on a number of grounds, but basically asserts the ALJ failed to give appropriate weight to the opinions of the treating physicians and failed to make a proper credibility determination.

Plaintiff's medical records indicate she has been diagnosed with a considerable number of conditions, had several surgeries, undergone some physical therapy, and been prescribed many medications. She regularly reported side effects or allergies associated with her medications, and often did not take them.

Dr. Tabb, one of plaintiff's treating physicians, provided a medical source statement in which he indicates plaintiff's pain factors would require her to lie down or recline for 20 minutes, four times during an 8-hour workday. He also stated pain would interfere with her ability to think clearly. (Tr. 498.)

Tina Morgan, Psy.D., plaintiff's treating psychologist, stated that Dyer had been faithful in her commitment to psychotherapy, but suffers from physical and somatic problems. Morgan opined that claimant was not capable of coping with stressors or emotionally stable enough to handle the normal responsibilities of employment. (Tr. 495.)

If the opinions of these treating sources were given full credit, plaintiff would be considered disabled. The ALJ discounted those opinions on the basis of inconsistencies in the record, which he noted. He also indicated that at several times during the relevant period, plaintiff would have had more extensive limitations following extensive treatment or surgery, but those periods did not last for twelve consecutive months.

The ALJ also discounted some of plaintiff's subjective complaints on the basis that they are inconsistent with her daily activities, which include personal care, household chores, regular church attendance and caring for children. Further, he noted that she had somewhat limited clinical findings or test results to support functional limitations, and that she took only a few medications. He recognized, however, that she reported adverse reactions or allergies to some medications.

Finally, he concluded that plaintiff had anxiety and depressive disorders which cause a mild restriction of daily activities, a moderate restriction in social functioning, and a moderate

restriction in concentration, persistence or pace. He noted no episodes of decompensation of extended duration.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

The problem with the record in this case is that the ALJ does not appear to have considered the mental impairments in conjunction with or as they relate to plaintiff's physical impairments. There is some clear indication in the record that part of plaintiff's physical problems are due to somatization. Her medical history shows that she moves from one major medical problem to another, with short periods in between, and that she believes many medications make her worse. Her record also suggests she would be unable to sustain employment because she would schedule medical appointments, remain home because of pain, require excessive breaks and restroom time[3], and otherwise expect accommodation.

Plaintiff's credibility is questionable on this record, and the ALJ properly discounted it. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

Nevertheless, the ALJ's decision to discredit the opinion of plaintiff's treating physicians is not supported by substantial evidence based upon the record as a whole.

Here, there are some inconsistencies in plaintiff's subjective complaints, the clinical findings, and her daily activities, which the ALJ noted. The overall record, however, does not provide substantial evidence to support the weight the ALJ gave to those inconsistencies or to

---

[3]Plaintiff reported frequent urinary urgency, incontinence and diarrhea.

support his ultimate conclusion. Pain caused by somatization will not necessarily be documented in objective findings, but the pain will still exist.

Plaintiff reported limited daily activities due to pain. The record does not provide an adequate basis to determine whether those restrictions on her daily activities are caused by her impairments or are a matter of lifestyle choice.

Thus, there is not substantial evidence on the record as a whole for this court to reverse the decision and award benefits. On remand, the Commissioner may want to further develop the record to correlate the combined effect of plaintiff's medical and mental impairments on her ability to work, and whether those impairments, in combination, are of sufficient duration to meet the disability requirements.

For these reasons, it is

ORDERED that the decision of the Commissioner and this case is remanded under Sentence 4, 42 U.S.C. § 405(g), for further consideration and/or development of the record.

Dated this 15th day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge